IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| TEXAS CORN PRODUCERS, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,[1] <br><br> Respondents. | No. 24-60209 |

**RESPONDENTS' REPLY IN SUPPORT OF MOTION TO AMEND BRIEFING SCHEDULE**

  This Court should grant Respondents' Motion to Amend Briefing Schedule to extend the deadline for EPA's initial brief from January 29, 2025, to March 10, 2025. EPA's motion demonstrates good cause for the extension, contrary to Petitioners' assertions.

  Pursuant to Fifth Circuit Rule 31.4.1, an extension may be granted where good cause is shown and other requirements imposed by the Fifth Circuit Rules are met. Petitioners dispute whether good cause has been shown. ECF No. 65 at 5-7. This Circuit has explained in the analogous context of Federal Rule of Civil

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Administrator Jane Nishida is automatically substituted in place of former Administrator Michael S. Regan.

1

Procedure 16(b) that the "good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) (quoting 6A Charles Alan Wright, *et al.*, Federal Practice and Procedure § 1522.1 (2d ed.1990)).

An additional forty days is necessary and reasonable under the circumstances of this case. Undersigned counsel must first prepare the brief, in coordination with agency counterparts, before it undergoes "multiple levels of review by officials with approval authority within EPA and the Department of Justice." ECF No. 63 ¶ 8. This process will require more than the thirty days ordered by the court, even with ordinary diligence. In addition, EPA's ability to prepare and review the brief within the briefing interval ordered by the Court will be impacted by intervening federal holidays and office closures and previously scheduled leave of the assigned counsel. *See id.* ¶ 6.

Also, as noted, EPA is accounting for the upcoming change in presidential administration, which will necessarily require additional time to complete EPA's brief. *Id.* ¶ 8. The change in administration will involve staff briefing incoming officials at EPA and DOJ on the relevant legal background and decisions in this case. In addition, as with prior transitions, it is likely incoming EPA officials will simultaneously need to be briefed on numerous other time-sensitive matters before

the Agency. Although EPA cannot anticipate the timing demands exactly, EPA believes that an extension of time until March 10 is necessary to allow the transition to proceed in an orderly way. EPA does not believe that the current deadline can reasonably be met despite due diligence, and good cause is present here. *See S&W Enters.*, 315 F.3d at 536.

Moreover, EPA disagrees with Petitioners' characterization of EPA's attempts to resolve this matter administratively, without unnecessary litigation, as trying to delay briefing for up to 206 days. ECF No. 65 at 5-7. After Petitioners filed their opening brief on August 16, 2024, EPA immediately began to assess whether it would be possible to resolve the matter administratively. The Parties then began discussing a potential administrative resolution on September 9, 2024. The Parties agreed that these discussions merited an extension of EPA's briefing deadline from October 16, 2024, to November 15, 2024, because, "[g]iven the Parties' limited resources, the requested extension will allow the Parties to focus their resources on identifying an administrative resolution." ECF No. 40 at 1. The Parties subsequently terminated the discussions on October 31, 2024.

EPA then prepared and filed a motion for voluntary remand without vacatur and simultaneously moved the Court to stay the briefing schedule because "the Court's resolution of Respondents' Motion for Voluntary Remand Without Vacatur could obviate the need for merits briefing" and "a stay would preserve the Parties'

3

resources that would otherwise be committed to preparing potentially unnecessary merits briefs." ECF No. 47 ¶¶ 7-8, 10; *see also* ECF No. 46. The Court granted EPA's motion and suspended briefing in the case. ECF No. 51. On December 30, 2024, the Court denied EPA's motion for voluntary remand without vacatur and ordered EPA to file its initial brief by January 29, 2025. ECF No. 61; ECF No. 62.

Under these circumstances, EPA requested extensions in good faith to resolve this matter without unnecessary litigation. Petitioners' assertion that EPA merely sought to "delay briefing," ECF No. 65 at 7, is belied by Petitioners' own previous agreement that EPA should be allowed to conserve its resources during the Parties' negotiations, ECF No. 40 at 1. Furthermore, the Court agreed that EPA should not be required to expend resources on preparing a merits brief that could have been obviated by the Court's resolution of EPA's Motion for Voluntary Remand Without Vacatur. ECF No. 51; *see also* ECF No. 47 ¶¶ 8, 10.

Lastly, Petitioners do not point to anything in the record to assert that they would be prejudiced by a 40-day extension. *See* ECF No. 65 at 7-8. Petitioners rely on their standing declarations. *Id.* (citing ECF No. 52 at 24-27 (citing ECF No. 30 at 32-39; ECF No. 34-2, Decl. of Taylor Myers, Ph.D. ¶ 13)). But none of Petitioners' standing declarations contends – much less demonstrates – that Petitioners will experience any impact before 2026. *See generally* ECF No. 34. The only declaration that addresses the timing of any potential impact from the action

at issue models a change of gasoline consumption *beginning in 2028* – not 2026. Myers Decl. ¶ 13. Petitioners' argument that "the harms associated with the rule will begin accruing *as early as January 2026*" is thus unsupported. *Compare* ECF No. 65 at 7-8, *with* Myers Decl. ¶ 13. Even if the Court credits Petitioners' assertions of impacts beginning in 2026, EPA's requested extension until March 10, 2025, would permit sufficient time for this Court to resolve the case in advance of 2026.

## CONCLUSION

For the foregoing reasons and those stated in Respondents' Motion to Amend Briefing Schedule, EPA respectfully requests that the Court grant its motion and extend the deadline for EPA's initial brief to March 10, 2025.

| | |
|---|---|
| DATED: January 7, 2025 | Respectfully submitted, |
| | TODD KIM<br>Assistant Attorney General |
| | */s/ Albert Lin*<br>ALBERT LIN<br>U.S. Department of Justice<br>Environment & Natural Resources Division<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, D.C. 20044<br>(202) 514-2741<br>albert.lin@usdoj.gov |
| | *Counsel for Respondents* |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Respondents' Reply in Support of Motion to Amend Briefing Schedule was filed with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to the attorneys of record, who are required to have registered with the Court's CM/ECF system.

DATED: January 7, 2025            */s/ Albert Lin*
                                                    ALBERT LIN

                                                   *Counsel for Respondents*