**BOYDEN GRAY PLLC**
800 CONNECTICUT AVENUE NW, SUITE 900
WASHINGTON, DC 20006
(202) 955-0620

June 20, 2025

Honorable Lyle W. Cayce
Clerk of the Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

Re:  Rule 28(j) Letter in *Texas Corn Producers v. EPA*, No. 24-60209 concerning *Diamond Alternative Energy, LLC v. EPA*, No. 24-7 (S. Ct., Slip Op.)

Dear Mr. Cayce:

*Diamond Alternative Energy, LLC v. EPA*, No. 24-7 (S. Ct.) (*Diamond Alternative*) confirms Petitioners' Article III standing. Like this case, *Diamond Alternative* involved fuel sellers. The fuel sellers challenged EPA's approval of a program that, like the CAFE program, directly applies to automakers but targets fuel. The program regulated fleet-average automobile carbon-dioxide per mile (equivalent to regulating fuel economy, *see* Opening Br. 12–13), and limited the market share of gasoline automobiles. As in this case, "the entire purpose" of the program was inducing "fewer gasoline sales." Slip Op. 10, Ex. A. The Court held that "fuel producers have standing to sue." *Id.* at 11.

Every aspect of the Court's analysis supports standing here. Because CAFE is a regulatory program, the behavior of automakers is "predictable" and "commonsense economic principles" support standing. *Id.* at 14. Given that the R-factor increases the stringency of the program, "it would be surprising and unusual if invalidating the regulations did not redress the" pocketbook injuries by at least one dollar. *Id.* at 15. "In all events, record evidence confirms what common sense tells us: Invalidating the regulations likely (not certainly, but likely) would make a difference for [Petitioners] because automakers would likely manufacture" vehicles that consume more fuel. *Id.* Not only have Petitioners submitted fuel seller "declarations"; they have filed an expert declaration using the government's

predictive model of automaker behavior. EPA's assertion that Petitioners "had to introduce still more evidence" fails. *Id.* at 18.

EPA' claim that more stringent standards will do nothing "is an odd argument" given that "the whole point of" CAFE is to reduce fuel. *Id.* at 15. "To deny standing based on" EPA's theory "requires a degree of economic and political clairvoyance that is difficult for a court to maintain." *Id.* at 21. As "targets" of CAFE, Petitioners have standing, and EPA may not "evade" judicial review through counterintuitive market predictions. *Id.* at 23.

> Respectfully submitted,
>
> */s/ James R. Conde*
> BOYDEN GRAY PLLC
> 800 Connecticut Avenue
> NW Suite 900
> Washington, DC 20006
> (202) 955-0620
> jconde@boydengray.com
> *Counsel for Petitioners*

# CERTIFICATE OF SERVICE

    I hereby certify that all counsel of record who have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF. All parties in this case are represented by counsel consenting to electronic service.

June 20, 2025

Respectfully submitted,

*/s/ James R. Conde*
BOYDEN GRAY PLLC
800 Connecticut Avenue NW
Suite 900
Washington, DC 20006
(202) 955-0620
jconde@boydengray.com
*Counsel for Petitioners*

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Letter complies with Federal Rule of Appellate Procedure 28(j) because it contains 318 words, excluding the exempted portions, and complies with typeface requirements.

June 20, 2025

Respectfully submitted,

*/s/ James R. Conde*
BOYDEN GRAY PLLC
800 Connecticut Avenue NW
Suite 900
Washington, DC 20006
(202) 955-0620
jconde@boydengray.com
*Counsel for Petitioners*